*489 OPINION.
Graupner :
The taxpayer alleges error on the part of the Commissioner in refusing to allow as a deduction for the year 1919 the asserted loss of $112,564.06, which he claims resulted from the termination of the contract by Frick. He relies upon section 202 (a) (1) of the Kevenue Act of 1918 in support of his right to deduct' the amount as a loss. But, before we can consider that right, we must determine whether or not he had “a loss sustained from the sale or other disposition of property” which would entitle him to claim such a right.
*490 The taxpayer contends that he had an equitable interest or estate in the property, upon which he could place a value and on the deprivation of which he could claim a loss. But we must turn to the contract to find the character of the interest which the taxpayer had. The privileges which he held under the contract may be enumerated as follows:
(1) The right of sale as an agent, at a price which had to be satisfactory to Frick.
(2) The right to one-half the net profits from any sale, after Frick had deducted the cost of the property and all charges and expenses from the gross sales price.
(3) The liability for one-half of the gross losses sustained on a sale of the property.
(4) The right to purchase a one-half interest in the property.
(5) The right on the termination of the contract to bid to purchase all of the property remaining unsold.
This contract was terminable by Frick at the expiration of the period named in the original contract, or any period of renewal, without recourse of the taxpayer to law or equity. The taxpayer had nothing but a sales contract, on which he could legally enforce his right to a share of the profits in case of a sale by Frick, or an option to purchase which he at no time exercised. Frick could refuse to renew the contract at its expiration or on the expiration of any extension thereof without liability to the taxpayer. Taxpayer’s interest was merely a hope or expectation of profits which were never realized and does not come within the definition of equitable interest, which defines “ such an interest as a court of equity can pursue and appropriate to the discharge of debts; that which can be sustained or made effective or available in a court of equity.” (20 C. J. 1303.)
Taxpayer’s interest, such as it was, ran from year to year as Frick saw fit to renew it, and was subject to cancellation without equitable or legal relief, on the decision of Frick. This, as we view it, is not a property right on which a loss may be sustained within the contemplation of section 202 (a) of the Revenue Act of 1918. Nor was any “ sale or other disposition ” of the property made within the contemplation of that section. There was a lapse of ex-Eiration of interest, due to Frick exercising his contractual right, ut that can not be called a “ disposition ” which may effect a loss within the meaning of the statute. The failure to receive anticipated profits can not be interpreted as such a loss as would entitle him to take the amount claimed as a. deduction. Therefore, the taxpayer had no right to make a deduction.